MANUEL OTERO, Respondent, *v.* BULLARD, FIGG & Co.,
Appellants.

Objections to a declaration, when they arise from matters of form, are not the sub
ject of a demurrer.

In the action *of* detinue, the manner *of* laying the possession of the property has
always been held to be inducement. It is usual to aver a bailment, or finding.

This court cannot say whether the description of the property might have been
more accurate.

APPEAL from the Tenth Judicial District.

. This suit was brought for the specific recovery of certain mules,
horses, and packing apparatus, and came up on demurrer to the
complaint, for causes stated in the arguments of counsel.

*Saunders* and *Edwards*, for appellants.

Defendants demurred to the complaint on several grounds: 1st.
That the title did not specify the name of the county, nor that of
the court, other than as the Tenth Judicial District, and cited
stats. of 1851, p. 56, sect. 39.

2d. That it did not show where either of the parties resides.
Acts of 1851, p. 53, sec. 20.

3d. It does not describe the property with sufficient certainty;
the action is analogous to detinue and replevin, and the property
should be described so that the sheriff might apportion it, and
place it in the hands of the plaintiff. 1 Chit. on Plead. 113; 3
Bac. Abr. 135, 6; 8 Ib. 553; 3 Bibb. 221.

4th. No description of the place where the property was taken
or detained. 1 Chit. Plead. 148; 8 Bac. Abr. 554.

There is no averment of *tort* in the taking: it is therefore to
be held, that defendant's possession was lawful; and therefore
there could be no cause of action till after demand, and no de-
mand is averred. 3 Johns. 361; 1 Bac. Abr. 607; 8 Ib. 525.

The complaint does not aver that plaintiff is entitled to pos-
session; it avers that the property was wrongfully detained, but
this is a mere conclusion of law. 1 Chit. Plead. 111, 12, 146;
2 Bibb. 510; 3 Bac. Abr. 135; 8 Ib. 525; 15 Mass. 310, 552.

*Walker,* for respondent.

There is no ground for the demurrer.   Prac. Act, sec. 40.

1.  The clause in the 39th sect. requiring the name of the county in the complaint is *directory,* not mandatory.

2.  The residence of the parties is not required to be stated under the Practice Act of 1851.

3.  The description is sufficient; the brand of the mules is described ; and "apparatus for packing" is sufficiently definite.

4.  The complaint alleges an unlawful detention.

5.  The property is alleged to belong to the plaintiff.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The objections to the declaration arise from matters of form, which are not the subject of demurrer.   It is true, that in an action of detinue, it is usual to aver a bailment or finding ; but the manner in which the defendant became possessed of the property, has always been held to be mere matter of inducement.

As to the description of the property, it is impossible for us to say whether it could have been more accurate or particular.

There was no error in overruling the demurrer, and the order is affirmed.